Constance **HORNER, Director, Office of Personnel Management, Petitioner,**

v.

Evelyn P. **HOLLANDER, Respondent.**

No. 89–3208.

United States Court of Appeals, Federal Circuit.

Feb. 5, 1990.

Scott Ray, Dept. of Justice, of Washington, D.C., argued for petitioner. With him on the brief were Stuart E. Schiffer, Acting

Asst. Atty. Gen., David M. Cohen, Director, Robert A. Reutershan, Asst. Director and Jeanne A. Anderson, Attorney. Also on the brief were James M. Strock, General Counsel, Thomas F. Moyer, Asst. General Counsel and Murray M. Meeker, Attorney, Office of Personnel Management.

Edith U. Fierst, of Washington, D.C., and Anita Marshall, Merit Systems Protection Bd., of Washington, D.C., argued for respondent. Llewellyn M. Fischer, General Counsel, Mary L. Jennings, Deputy General Counsel and Martha B. Schneider, Asst. General Counsel, Merit Systems Protection Bd., of Washington, D.C., were on the brief for respondent.

Before NEWMAN, BISSELL,* and MICHEL, Circuit Judges.

BISSELL, Circuit Judge.

Constance Horner, as Director of the Office of Personnel Management (collectively OPM or agency), petitioned this court pursuant to 5 U.S.C. § 7703(d) (1988) for review of the final decision of the Merit Systems Protection Board (Board), Docket No. DC08318810038, holding that OPM's interpretation of the Civil Service Retirement Spouse Equity Act regarding survivor benefits for federal employees' former spouses was unreasonable. *See Hollander v. Office of Personnel Management,* 39 M.S. P.R. 195 (1988). We affirm.

## BACKGROUND

The Spouse Equity Act (Act) was enacted in 1984 to provide, under certain circumstances, a retired government employee's former spouse with a survivor annuity. Civil Service Retirement Spouse Equity Act of 1984, Pub.L. No. 98–615, former spouse with a survivor annuity. Civil Service § 4(b), 98 Stat. 3195, 3205 (see 5 U.S.C. § 8341 note (1988)). Amendment of the Act in 1986 enabled a former spouse to qualify for survivor benefits even though the federal employee had not retired, provided the employee had "died after becoming *eligible to retire* and before [May 7,

---

* Judge Bissell died on February 4, 1990, after this opinion was approved for publication.

1985.]" Federal Employees Benefits Improvement Act of 1986, Pub.L. No. 99–251, § 201(b)(1)(A), 100 Stat. 14, 22 (see 5 U.S.C. § 8341 note (1988)) (emphasis added).

Evelyn and Bennet Hollander divorced in December 1974. Mr. Hollander, an attorney with the United States Department of Justice, died in December 1975 while on paid leave from his job. In April 1987, Mrs. Hollander filed an application for a survivor annuity under the 1986 amendment, believing Mr. Hollander had become "eligible to retire" on disability under 5 U.S.C. § 8337 (1988) prior to his death. However, in regulations implementing the 1986 amendment, OPM had interpreted "eligible to retire" to cover only those federal employees who qualified for age and service retirement, excluding those eligible to retire solely on the basis of disability. 5 C.F.R. § 831.622(a)(2)(i)–(v) (1989). Consequently, OPM denied Mrs. Hollander's application.

In the Board's initial decision, the administrative judge affirmed OPM's determination based on the regulation and a finding that Mr. Hollander could not have been "eligible" for disability retirement because he had never submitted an application. 39 M.S.P.R. at 199 n. 9. The full Board reversed, holding that the initial decision was contrary to the provision's plain meaning and the Act's underlying purpose. The Board remanded to OPM to determine whether Mr. Hollander had met the disability retirement requirements and, if so, whether Mrs. Hollander met all statutory conditions for a survivor annuity.

## ISSUE

Whether the words "eligible to retire" in the Act's survivor annuity provision for former spouses include only federal employees meeting the age and service retirement requirements at the time of death.

## OPINION

Under the civil service retirement laws, a federal employee may retire under section 8337 if disabled, or under section 8336 if he meets the age and length of service requirements. 5 U.S.C. §§ 8336, 8337 (1988).

The Board concluded that the plain meaning of "eligible to retire" is "membership in the class of those meeting the requirements for entitlement to retirement benefits," not those already entitled. 39 M.S. P.R. at 199. This would include those whom OPM could determine were disabled under section 8337 before death, whether or not an application had been filed. We concur with the Board's assessment of the plain meaning in this case.

Because OPM's interpretation runs counter to the plain meaning of the language at issue, the agency may prevail only if the legislative history reveals a contrary congressional intent. *LSI Computer Sys. v. United States Int'l Trade Comm'n,* 832 F.2d 588, 590 (Fed.Cir.1987). A thorough review of the 1984 and 1986 provisions' legislative history does not reveal any limitation on either "retire" or "eligible." OPM asserts that Congress intended to provide for "a small class of people," relying on the committee report's 1984 cost estimate for the former spouse annuity provision which "assume[d] that approximately 400 people would be eligible...." H.R.Rep. No. 1054, 98th Cong., 2d Sess. 29, *reprinted in* 1984 U.S.Code Cong. & Admin. News 5540, 5560. OPM speculates that 46,000 people would qualify under the Board's broader interpretation. However, there is nothing to suggest that Congress would not have approved the provision had the expected costs and number of beneficiaries been significantly greater than the House Report's estimates. Furthermore, when the Act was amended in 1986 to cover a larger class of former spouses, including those whose husbands or wives had not actually retired from federal service before death, not a single statement in the legislative history addressed the budgetary impact or number of beneficiaries, intended or expected.

As we have previously stated, "an agency's interpretation of the statutes it is charged with administering is normally entitled to great deference by a reviewing court." *Madison Galleries, Ltd. v. United States,* 870 F.2d 627, 631 (Fed.Cir.1989). OPM argues it is entitled to special defer-

ence here because the regulation is a contemporaneous interpretation of section 8341(b). However, the courts are the final authorities on statutory construction and "must reject administrative constructions ... that are inconsistent with the statutory mandate or that frustrate the policy that Congress sought to implement." *Horner v. Jeffrey*, 823 F.2d 1521, 1531 (Fed.Cir. 1987) (quoting *Federal Election Comm'n v. Democratic Senatorial Campaign Comm.*, 454 U.S. 27, 32, 102 S.Ct. 38, 42, 70 L.Ed.2d 23 (1981)). This is equally true of contemporaneous agency interpretations. *Public Employees Retirement Sys. of Ohio v. Betts*, —— U.S. ——, 109 S.Ct. 2854, 2863, 106 L.Ed.2d 134 (1989).

Even with the benefit of special deference, OPM's interpretation cannot stand. The words "eligible to retire" in the amended Act cannot reasonably be limited to employees meeting the age and service requirements for civil service retirement at death. The provision must be read to include employees who were eligible prior to death for disability retirement under section 8337, regardless of whether an application was submitted. Mrs. Hollander should be permitted to prove that Mr. Hollander was eligible to retire on disability and that she has met all other former spouse survivor annuity conditions. Accordingly, the Board's decision is

AFFIRMED.