935 F.2d 279
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Constance Berry NEWMAN, Director, Office of Personnel
Management, Petitioner,
v.
Lois G. LOVE and Esther E. Penn, and Merit Systems
Protection Board, Respondents.
 Misc. No. 303.
 United States Court of Appeals, Federal Circuit.
 April 8, 1991.
 
 Before ARCHER, PLAGER and RADER, Circuit Judges.
 ON PETITION FOR REVIEW
 ORDER
 RADER, Circuit Judge.
 
 
 1
 Constance Berry Newman, Director of the Office of Personnel Management (OPM), petitions for review of the Merit Systems Protection Board's (Board) January 28, 1991 decisions in Love v. OPM and Penn v. OPM. Lois G. Love and Esther E. Penn each oppose the petition. The Board has filed a response stating it has "no objection to the Court's granting petitioner's request for review", however, the Board believes its decisions are "patently correct" and therefore suggests that the court may wish to consider denying the petition or summarily affirming the Board's decisions.
 
 
 2
 In both the Love and Penn cases, the husbands elected to provide survivor annuities for their wives and thus received reduced annuities. Each couple later divorced. In both cases, the state court divorce orders expressly reserved for later adjudication the division of the couples' marital properties. Each husband began receiving an unreduced lifetime annuity following the divorce decrees. Later, the state courts entered orders governing the division of marital properties that awarded the former spouses survivor annuities.
 
 
 3
 OPM refused to honor the state court orders relying on 5 C.F.R. Sec. 831.1704(e)(1) and (e)(4), because the orders were not the first orders terminating the marital relationship.[1] The former spouses appealed to the Board. The Board held that OPM's regulation, 5 C.F.R. Sec. 831.1704(e), was inconsistent with the language in 5 U.S.C. Sec. 8341(h). Section 8341(h) entitles a former spouse to a survivor annuity to the extent provided for in a "court approved property settlement agreement incident" to a divorce decree.[2]
 
 
 4
 Pursuant to 5 U.S.C. Sec. 7703(d), OPM may petition for review of a Board decision if it determines, in its discretion, that the Board erred in interpreting a civil service law, rule or regulation and that the Board's decision will have a substantial impact on the administration of the civil service. This court must independently determine whether an exercise of discretionary jurisdiction is warranted. Devine v. Brisco, 773 F.2d 867 (Fed.Cir.1984).
 
 
 5
 OPM argues, inter alia, that the decisions will have a substantial impact on the administration of the civil service because the Board's interpretation "will adversely affect the retirement fund, and thus the future financial security of all retirees." We agree that OPM has shown that the decision will have substantial impact on the civil service. Moreover, we have viewed it particularly appropriate to grant OPM petitions for review where OPM and the Board differ in their interpretation of a statute. See e.g., Horner v. Hollander, 895 F.2d 759 (Fed.Cir.1990); Horner v. Benedetto, 847 F.2d 814 (Fed.Cir.1988); Horner v. Schuck, 843 F.2d 1369 (Fed.Cir.1988).
 
 
 6
 Accordingly,
 
 IT IS ORDERED THAT:
 
 7
 OPM's petition for review is granted.
 
 
 
 [1]
 OPM's regulation, 5 C.F.R. Sec. 831.1704(e) provides:
 (e)(1) For purposes of awarding ... a former spouse annuity, ... the court order must be--(i) Issued on a day prior to the date of retirement or date of death of the employee; or (ii) the first order terminating the marital relationship between the retiree and the former spouse ...
 (4) In paragraph (e)(1)(ii) of this section, "the first order terminating the marital relationship between the retiree and the former spouse" ... does not include ... any orders issued under reserved jurisdiction or any other orders issued subsequent to the original written order terminating the marriage that divide marital property (even if no division of marital property was made in the order terminating the marriage) regardless of the effective date of the order (emphasis added).
 
 
 [2]
 5 U.S.C. Sec. 8341(h) provides:
 (1) Subject to paragraphs (2) through (5) of this subsection, a former spouse of a deceased employee, Member, or annuitant ... is entitled to a survivor annuity under this subsection, if and to the extent expressly provided for ... in the terms of any decree of divorce or annulment or any court order or court approved property settlement agreement incident to such decree.
 (4) For purpose of this subchapter, a modification in a decree, order, agreement or election referred to in paragraph (1) of this subsection shall not be effective--(A) if such modification is made after the retirement or death of the employee or Member concerned, and (B) to the extent that such modification involves an annuity under this subsection (emphasis added).